

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,       )
                      )
      Plaintiff-Respondent,   )
                      )
v.                          )      No. SD38241
                      )
JOHN DAVID FLEENOR,   )      **Filed:  October 8, 2024**
                      )
      Defendant-Appellant.   )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable T. Todd Myers

**<u>AFFIRMED</u>**

After a bench trial, the circuit court found John David Fleenor ("Defendant") guilty of unlawful use of a weapon ("UUW") (*see* section 571.030) and sentenced him to serve two years in prison.[1]  Defendant's sole point on appeal claims the circuit court erred in overruling his motion for judgment of acquittal because the evidence adduced at trial was insufficient to support his conviction in that the State failed to prove that Defendant did not act in self-defense.  Because Defendant failed to inject the issue of self-defense, the State was not obligated to present such evidence, and we affirm the judgment of the circuit court.

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

**Standard of Review and Governing Law**

In reviewing a claim that a conviction was not supported by sufficient evidence,

> [o]ur review "is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." [*State v.*] *Peeler*, 603 S.W.3d [917,] 920 [(Mo. App. E.D. 2020)] (quoting [*State v.*] *Lammers*, 479 S.W.3d [624,] 632 [(Mo. banc 2016)]). Our review does not assess "whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Williams*, 608 S.W.3d 205, 209 (Mo. App. W.D. 2020) (quoting *State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018)).

*State v. Sinks*, 652 S.W.3d 322, 334 (Mo. App. E.D. 2022).

If the defendant injects the issue of self-defense into the trial,

> "[a defendant] is entitled to acquittal as a matter of law on the basis of self-defense only if there is undisputed and uncontradicted evidence clearly establishing self-defense." [*Williams*, 608 S.W.3d at 209]. "Where there is conflicting evidence or when different inferences can reasonably be drawn from the evidence, whether the defendant acted in [self-defense] is a question for the trier of fact." *Id.* It is the responsibility of the trier of fact, not this Court, to weigh the reliability and credibility of the witnesses. *See State v. Allison*, 845 S.W.2d 642, 645 (Mo. App. W.D. 1992).

*State v. Chism*, 695 S.W.3d 265, 269-70 (Mo. App. W.D. 2024).

> The quantum of proof required to inject the issue of self-defense has been described by our Supreme Court as "substantial evidence." [*State v.*] *Bruner*, 541 S.W.3d [529,] 535 [(Mo. banc 2018)]. "Sufficient 'substantial' evidence is provided if there is 'evidence putting a matter in issue.'" *Id.* (quoting *State v. Avery*, 120 S.W.3d 196, 200 (Mo. banc 2003)). . . . Further, "'substantial evidence of self-defense requiring instruction may come from the defendant's testimony alone as long as the testimony contains some evidence tending to show that he acted in self-defense.'" *Id.* (quoting [*State v.*] *Westfall*, 75 S.W.3d [278,] 280 [(Mo. banc 2002)]). Whether the evidence presented at trial injected the issue of self-defense is a question of law. [*State v.*] *Isbell*, 524 S.W.3d [90,] 93 [(Mo. App. E.D. 2017)].

*State v. Kendrick*, 550 S.W.3d 117, 122 (Mo. App. W.D. 2018). Injecting self-defense requires, in part, that the defendant establish that he reasonably believed the force he used was necessary to defend himself from imminent harm. Section 563.031.1; *Bruner*, 541 S.W.3d at 536.

**Analysis**

Defendant's sole point claims

[t]he trial court erred in overruling [Defendant]'s motion for judgment of acquittal for [UUW] . . . , in that after [Defendant] injected the claim of self-defense, the [S]tate did not prove beyond a reasonable doubt that [Defendant] did not act in lawful self-defense because the evidence in the light most favorable to the verdict showed [Defendant] was not the initial aggressor, [Defendant] reasonably believed the three men who were converging on him were attempting to cause him imminent serious bodily injury or perpetrate a forcible felony, and under the circumstances as they appeared to him, [Defendant] reasonably believed the use of deadly force was necessary to protect himself.

We disagree.

On the evening in question, a Springfield police officer observed Defendant in the downtown square yelling racial slurs and insults at various persons. Defendant also called the police officer a "pig" and was "flipping [him] off." Several bystanders, including Victim, a bouncer at a downtown bar, witnessed Defendant's erratic and confrontational behavior.

When Defendant's behavior continued to escalate, Victim and two of the bystanders approached Defendant, having decided that they needed to calm him down. Defendant, while "reach[ing] for his hip[,]" continued yelling and took a step toward Victim. Victim, six foot, seven inches tall, took a step outside the bar toward Defendant and asked him to leave the property. Defendant "pulled up his shirt to reveal a pistol and

3

a holster on his hip[.]" Victim and Defendant were about 10 feet apart when Defendant then pulled his weapon and pointed it at Victim.

At trial, defense counsel chose not to make an opening statement, and the term "self-defense" was never uttered during the trial. Defendant did not testify or call any witnesses of his own. The closest that Defendant came to a reference to self-defense occurred when defense counsel stated in his closing argument that "Missouri does have a stand your ground law, and if you are in a place -- [section] 563.031 -- if the person is in any location that such person has a right to be. He's on a public sidewalk." In addition to Defendant having the right to stay where he was, defense counsel argued that Victim was "barking back at [Defendant.]"[2]

As the State points out in its brief, the only other evidence that might have supported a claim of self-defense was elicited during defense counsel's cross-examination of Victim and the bystanders that revealed they were all significantly taller than Defendant. We agree with the State that the fact that Defendant was smaller than Victim and the bystanders, and that Victim was characterized as "barking" at Defendant, did not constitute substantial evidence that Defendant reasonably believed he needed to point a gun at Victim in order to protect himself from imminent harm.

Absent testimony from Defendant, or some other substantial evidence in the record that would tend to show that Defendant reasonably believed he needed to point a gun at Victim in order to protect himself from imminent harm, self-defense was not injected into the case, and Defendant's conviction was supported by sufficient evidence.

---

[2] No witness testified that Victim was "barking" at or threatening Defendant, and viewing the evidence most favorable to the judgment, as we must in determining whether a conviction was supported by sufficient evidence (*State v. Stewart*, 560 S.W.3d 531, 533 (Mo. banc 2018)), Victim testified that he "took a step [toward Defendant] and asked him to leave the property, please."

Defendant's point is denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS